**SIDLEY**                                          **JENNER&BLOCK** LLP

July 21, 2020

**BY ECF**

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers N 415
Brooklyn, NY 11201

Re:     *United States v. Huawei Technologies Co., Ltd. et al.* **No. 18-457 (S-3) (AMD)**

Dear Judge Donnelly:

In advance of the July 23, 2020 status conference in this case, we write on behalf of Defendants Huawei Technologies Co., Ltd., Huawei Device USA Inc., Huawei Device Co., Ltd., and Futurewei Technologies, Inc. (collectively, the "Huawei Defendants") to preview issues that we will seek to take up with the Court. Put simply, we are concerned that the government is prosecuting this case in a manner that is not consistent with governing law or regular practice in this Circuit. How the United States government as a whole regards the Huawei Defendants, and how this prosecution fits into the government's "all-tools" approach to advancing its policies vis-à-vis China, may be put to one side for the moment: The Department of Justice has a special responsibility to treat with equal fairness those it charges with criminal offenses. To date it has not done so.

As a starting point, the allegations in the Indictment are tenuous on their face. On the core fraud counts, it is rare that the government charges bank fraud while conceding (as it does in its extradition paperwork) that the defendants actually disclosed the key facts. It is equally rare to bring wire fraud charges based on communications outside the United States, between foreign corporations, concerning operations outside the United States. On the sanctions charges, it is not just rare, but almost unheard of for the government to charge a foreign customer of a global bank with "willfully causing" the bank to violate United States financial sanctions, especially where no such violation was necessary to transact business. And on the intellectual property counts, if the government can stitch together six unrelated civil allegations over two decades against one of the largest technology companies in the world, each of which was resolved with little or no monetary judgment, into a "pattern of racketeering activity," then no tech company in the world is free from the Justice Department's whims.

The government is of course free to put forth shaky allegations supported by weak evidence. But when it does so, it must play by the rules and be prepared to have its case fall apart: it must set forth its charges in a coherent and understandable way; disclose the evidence implicated by its charges; permit the defendants to analyze and rebut the evidence; and respect the presumption of innocence. Nearly two years after this case was first indicted,

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

Page 2

none of that has happened.  We seek to address at the upcoming status conference the following deficiencies, among other things:

- Discovery:  The government is both delaying and denying the production of discovery.  Nearly two years after indictment, and months after the government said its production of discovery related to the fraud and sanctions charges was "substantially complete," the government still has not provided all of the basic Rule 16 material related to those charges and refuses to say whether and when it will be able to do so.  While the government has buried the defense in an avalanche of seemingly immaterial data, it still has not produced some of the central evidence against the Huawei Defendants that it relies on in its Canadian submissions supporting the extradition of Huawei Tech's Chief Financial Officer Cathy Meng.  Among the notable omissions, and directly contrary to Rule 16(a)(1)(C), the government has still not turned over the statements of Huawei employees and agents—even where there is no plausible basis to withhold them.  Some of this may be based on a Rule 16(d) order that the government obtained *ex parte* last year, but it cannot account for all of the omissions.  Whatever the government put in its secret submissions to obtain that temporary order, nearly two years have passed since the government charged this case and it cannot seriously cling to the notion that it can continue even today to withhold the central evidence, whether it involves statements of cooperating or non-cooperating witnesses.  Similarly, five months after bringing a third superseding indictment that added RICO and intellectual property charges to much fanfare in the press, the government only very recently produced the first sliver of discovery related to those charges.

- *Brady* Material:  From the outset of the case, the Huawei Defendants have repeatedly asked the government, in writing and in calls, if it had in its possession various categories of exculpatory information (for example, evidence that the banks knew or willfully ignored the facts supposedly concealed by Huawei).  Five months after promising that a response was forthcoming, the government finally wrote back only to say that it disagreed with our legal analysis, and declined to address whether it had any such information in its possession.

- Classified Discovery:  Although the government filed notice of its intent to use FISA materials against the Huawei Defendants, and although the government raised the prospect of CIPA litigation in April 2019 and has actually been drafting a CIPA motion in the related case against Bo Mao, the government has neither provided any classified discovery to the defendants nor moved forward with CIPA litigation—meaning that it may be months more before the Huawei Defendants receive any classified discovery to which they are entitled under the law.

- Bill of Particulars:  As the Huawei Defendants have explained in their motion for a bill of particulars, the government has point-blank refused to identify for the defendants the universe of statements, financial transactions, and wires they allege

**SIDLEY**                                                          **JENNER&BLOCK** LLP

Page 3

> are illegal, and with respect to the statements has only said that "many" are somewhere within the data dump of discovery the government has provided.

- Protective Order Restrictions: The Huawei Defendants negotiated in good faith to arrive at a protective order that would provide the security the government claimed to need for the most sensitive material in the case, permitting especially sensitive material not to be reviewed or even discussed outside the United States; a significant burden, since two of the Huawei Defendants are based in China. The government, however, has abused the agreement by improperly labeling huge swaths of discovery—including some of the most critical evidence in the case—as Sensitive Discovery Material, making it impossible for the China-based defendants to review that material or even discuss it with their lawyers. Little, if any, of the material requires such protection, and the government has never offered a reasonable justification for its designations. The Huawei Defendants have proposed reasonable solutions to permit secure review and discussion with defense counsel, but thus far, in the middle of a global pandemic, the government has insisted that if the Huawei Defendants want to review any of these materials and discuss them with their lawyers in preparing a defense, defendants' personnel must travel to the United States or defense counsel and defendants' personnel must all travel to meet in some third country like Japan.

- Discussion of Discovery with Cathy Meng: Despite seeking to hold the Huawei Defendants liable for alleged conduct by Cathy Meng, the government refuses to agree that the Huawei Defendants can discuss the evidence with her. The government's *own* explanation for its objection is concern that the criminal discovery might be used in Canadian extradition proceedings and call into question the accuracy of the government's representations to the Canadian extradition court. It is both unseemly and improper for the government to be dictating whom the defendants can speak with about central facts in order to defend a criminal case.

- *Ex parte* abuse: The government has repeatedly abused the *ex parte* process, filing materials *ex parte* on at least three instances in the criminal case and asserting its right to file at least a fourth—often without or far in excess of what could be justified by compelling circumstances. Most crucially, the government moved *ex parte* to withhold discovery from the defendants without providing the defendants even a generalized basis for the request. As a result, the Huawei Defendants continually and improperly find themselves unable to be heard on the most important matters in the case.

In sum, the government is free to press weak charges and lose them fair and square. But the government should not be able to subject the Huawei Defendants to the public opprobrium of an indictment and then deny them the same rights and procedures available to any other defendant in an American courtroom. The government should be ordered to produce promptly *all* of its discovery, produce required *Brady* material, provide necessary

**SIDLEY**  **JENNER&BLOCK** LLP

Page 4

particulars, and allow the defendants to discuss these materials with their lawyers and their witnesses. We look forward to addressing these matters with the Court on July 23.

Respectfully submitted,

| /s/ Thomas C. Green | /s/ David Bitkower |
|---|---|
| Thomas C. Green | David Bitkower |
| Mark D. Hopson | Matthew S. Hellman |
| Michael A. Levy | JENNER & BLOCK LLP |
| SIDLEY AUSTIN LLP | 1099 New York Avenue, NW |
| 1501 K Street, NW | Washington, D.C. 20001 |
| Washington, D.C. 20005 | Tel: 202-639-6048 |
| Tel.: 202-736-8069 | Email: dbitkower@jenner.com |
| Email: tcgreen@sidley.com | |

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc., Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*

cc: Government counsel (by email and ECF)
    Clerk of the Court (by ECF)