

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS:JN/DKK/SME/MAA
F. #2017R05903

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 14, 2021

**TO BE FILED UNDER SEAL**

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Huawei Technologies Co., Ltd., et al.
               Criminal Docket No. 18-457 (S-3) (AMD)

Dear Judge Donnelly:

        The government respectfully writes to apprise the Court of recent violations by the defendants of the Protective Order agreed to by the parties and so ordered by the Court, and to request that the Court schedule a status conference at its earliest convenience. (See Protective Order, ECF No. 57 ¶ 25 ("In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.")). As set forth below, the government seeks an amendment to the Protective Order to prevent any further violations. Additionally, the government respectfully requests that the Court retain jurisdiction as to any further Brady disputes.

    I.    Background

        On February 7, 2021, Huawei defense counsel publicly filed a letter to the government discussing three recent disclosures by the government, designated under the Protective Order as either Sensitive Discovery Material or Attorney's Eyes Only, and demanding additional disclosures (the "February 7 Letter"). (ECF No. 259).[1] The February 7 Letter claims

---

[1] Defense counsel did not consult with the government with respect to the redactions reflected in the public filing of the February 7 Letter. The government sought and the Court granted immediate sealing of the February 7 Letter (which was filed on a Sunday evening), so that the parties could confer regarding further redactions.

that, in Huawei's view, the government's disclosures undermine the central fraud allegations in the government's case. Id.

On April 8, 2021, Huawei's defense counsel sent a letter to senior leadership of the Department of Justice alleging material inaccuracies in the Canadian extradition record because of purported omissions by the prosecution team (the "April 8 Letter"). In particular, the April 8 Letter claims that evidence in the possession of the government demonstrates that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that ▇▇▇▇▇▇▇ exculpatory findings ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. In setting forth these arguments, the April 8 Letter repeatedly cites to Rule 16 discovery materials produced in this case, including materials that have been designated as Sensitive Discovery Material under the Protective Order. The sole purpose of the April 8 Letter, which was not filed publicly, is to advocate in favor of Huawei CFO Wanzhou Meng's interests in Canada.

On April 12, 2021, Meng sent a letter to the Canadian prosecutors handling Meng's extradition proceedings (the "Meng Submission"), appending both the February 7 Letter and the April 8 Letter and requesting further inquiry by the "Attorney General of Canada to independently investigate the extent to which the Requesting State has misled Canadian authorities and the Court." (Apr. 12, 2021 Ltr. at 5) (attached hereto as Exhibit A). The April 8 Letter attached to the Meng Submission contained redactions, but the thrust of the redacted content—referencing the government's discovery and disclosures in this case—is obvious from the unredacted portions of the April 8 Letter. Huawei counsel did not seek authorization of the government or the Court before providing Meng's Canadian counsel with access to the April 8 Letter, or consult with the government regarding the redactions to the April 8 Letter included in the Meng Submission.

Notably, the Protective Order explicitly prohibits Huawei from (1) sharing any discovery materials with Meng and (2) using any discovery materials, or any "documents and other information and materials derived or prepared from" such materials, for any purpose other than "for the purposes of defending against the charges in the above-captioned case and any superseding indictment." (See Protective Order ¶ 1 n.1 ("[N]o Discovery Materials shall be disclosed to co-defendant Meng or her counsel" absent an additional protective order); id. ¶ 2 (listing the only permitted purpose for discovery material); id. ¶ 11 ("Sensitive Discovery Materials . . . shall not under any circumstances be taken, transmitted or accessed, in whole or in part, outside of the United States of America, except as otherwise provided in this Protective Order.")). Further, the Supplemental Protective Order concerning disclosure of discovery materials to Meng does not permit sharing of the Sensitive Discovery Materials cited in the April 8 Letter with Meng or, for that matter, the use of any discovery materials, or any "other information and materials derived or prepared therefrom, in . . . Ms. Meng's extradition proceedings in Canada." (ECF No. 137 ¶ 7).

II. Discussion

The filings and correspondence summarized above violate both the letter and spirit of the protective orders entered in this case, and reflect that Huawei's counsel is acting as Meng's extradition counsel and impermissibly using the government's discovery in this case to

help Meng fight extradition from Canada. It is also evident that Huawei's previous protestations to the Court about its fundamental need to share discovery with Meng to prepare its own defense was motivated, at least in part, by Huawei's desire to aid Meng in her extradition proceedings. (See Apr. 3, 2020 Ltr. at 2 ("Huawei is seeking to vindicate its own right to discuss the evidence with an essential witness. Huawei's right to prepare its defense cannot be diminished because a co-defendant is challenging legal positions taken by the United States in another court." (emphasis in original))). Undoubtedly, the urgency of Huawei counsel's actions is directly related to the advanced stage of the extradition proceedings.

In the name of assisting a fugitive co-defendant in avoiding justice—who, given her fugitive status, is not entitled to criminal discovery[2]—Huawei has disregarded the provisions of the Protective Order and the Supplemental Protective Order, both of which involved months of negotiations and necessitated the involvement of the Court. Huawei is circumventing the restrictions properly established in the U.S. criminal case and inappropriately using Rule 16 discovery materials in an effort to assist Meng in her repeated attempts to conduct a trial on the merits in Canada—a process in which the U.S. government is not a party and that is explicitly not intended to be a trial on the merits. Tellingly, the April 8 Letter does not even address alleged weaknesses in the prosecution of Huawei and does not cite to any evidence suggesting that the government has somehow misled the Canadian court.

The Court should not countenance Huawei's violations of this Court's orders in service of a public airing of its unsupported and speculative allegations of Brady violations for the purpose of interfering with the Canadian extradition proceedings. Should Huawei believe that the government is improperly withholding exculpatory evidence, it should file such a motion. Any response by the government to any such motion would detail: (1) there is no evidence showing that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ knew that Huawei used Skycom as a cutout entity to evade sanctions compliance or that Huawei's "sale" of Skycom was a sham sale to another Huawei entity; (2) no evidence cited in the April 8 Letter shows that ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (3) ▮▮▮▮▮▮▮▮▮▮▮▮▮ do not mean that it was candid in disclosing the true nature of its relationship with

---

[2] Under Second Circuit law, persons such as Meng, who resist extradition to the United States to face charges, are fugitives from justice. See United States v. Catino, 735 F.2d 718, 722 (2d Cir. 1984) (rejecting argument that "a non-fugitive cannot become a fugitive by virtue of his resistance to extradition" and holding that "intent to flee from prosecution or arrest may be inferred from a person's failure to surrender to authorities once he learns that charges against him are pending"); see also Schuster v. United States, 765 F.2d 1047, 1050 (11th Cir. 1985) (defendant "established her status as a fugitive from this nation's criminal process, particularly as of the moment she chose to resist extradition"). By virtue of their status, fugitives are not entitled to criminal discovery. See United States v. Nabepanha, 200 F.R.D. 480, 483 (S.D. Fla. 2001) (denying request for discovery of defendant who refused to return to United States after learning of criminal charges against him); Bd. of Governors of Fed. Reserve Sys. v. Mahfouz, No. 92 CIV. 5096 (MGC), 1992 WL 183556, at *1 (S.D.N.Y. July 23, 1992) ("The disentitlement doctrine prevents a defendant from enjoying the benefits of the legal system while simultaneously flouting that system by . . . 'constructively fleeing' by resisting extradition.").

Skycom; and (4) ██████████
██████████

       Huawei's improper use of protected discovery materials to aid its fugitive CFO demonstrates that Huawei cannot be relied upon to abide by the protective orders in this case without further restrictive measures. The government therefore requests an amendment to the Protective Order requiring Huawei to confer with the government about redactions to its public filings in advance of any such filings referencing, discussing, or derived from any discovery materials, or about documents that Huawei causes to be shared with Meng in Canada that in any way reference the government's discovery outside of the terms of the Supplemental Protective Order.

       Accordingly, the government seeks a status conference to address the instant violations, to have the Court caution Huawei and its counsel against further violations of the protective orders, and to seek a ruling on the government's request to amend the Protective Order. Further, as the defendants' purported <u>Brady</u> concerns are inextricably linked with the issue of sharing discovery materials with Meng—an issue as to which the Court has retained jurisdiction—the government respectfully requests that the Court retain jurisdiction over any <u>Brady</u> issues.

   III.   <u>Conclusion</u>

       For the foregoing reasons, including Huawei's willful disregard of the express prohibitions on using discovery materials or materials derived therefrom in Meng's extradition proceedings, the government respectfully seeks the scheduling of a status conference at the Court's earliest convenience and an amendment to the Protective Order. Additionally, the government respectfully requests that the Court retain jurisdiction over any <u>Brady</u> issues. Finally, as this filing references materials that are both Sensitive Discovery Material and

Attorney's Eyes Only, the government respectfully seeks authorization to file this letter under seal. The government will first publicly file a redacted version of this letter without attaching the Meng Submission, which the government will subsequently file only after agreeing to and implementing appropriate redactions.

        Respectfully submitted,

        MARK J. LESKO
        Acting United States Attorney

By:   /s/ Alexander A. Solomon
        Alexander A. Solomon
        Julia Nestor
        David K. Kessler
        Sarah M. Evans
        Meredith A. Arfa
        Assistant U.S. Attorneys
        (718) 254-7000

        DEBORAH L. CONNOR
        Chief, Money Laundering and Asset
        Recovery Section, Criminal Division
        U.S. Department of Justice

        Laura Billings
        Christian J. Nauvel
        Trial Attorneys

        JAY I. BRATT
        Chief, Counterintelligence and Export
        Control Section
        National Security Division, U.S. Department
        of Justice

        Thea D. R. Kendler
        David Lim
        Trial Attorneys

Enclosure

cc: All defense counsel (by ECF and by Email)