

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS:JN/DKK/SME/MAA
F. #2017R05903

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 8, 2021

**TO BE FILED UNDER SEAL**

<u>By ECF and Email</u>

Honorable Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Huawei Technologies Co., Ltd., et al.
                <u>Criminal Docket No. 18-457 (S-3) (AMD)</u>

Dear Chief Judge Pollak:

      The government respectfully moves the Court to close the courtroom for the telephonic status conference on the motion to compel filed by defendants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Device USA Inc., and Futurewei Technologies, Inc. (collectively, "Huawei"), scheduled for September 9, 2021 at 3:45 pm, and for related relief as described below.

I.    <u>Background</u>

The September 9, 2021 status conference relates to Huawei's motion seeking to compel the government to produce certain materials. Treatment of the materials at issue—many of which have been designated as Sensitive Discovery Materials ("SDM")—is governed by a court-ordered protective order, entered on June 10, 2019, which prohibits public disclosure of the materials and their contents. <u>See</u> ECF Docket Entry No. 57. Given the nature of Huawei's motion and a subsequent sealed order from this Court, the government anticipates that the contents of specific SDM materials covered by the protective order necessarily will be discussed during the upcoming status conference. The government has a compelling interest in ensuring compliance with the protective order, which would be violated by public discussion of these materials, as well as in protecting ▮▮▮▮ and avoiding possible efforts to obstruct the government's prosecution that might result from public discussion of these materials.

II.   Analysis

In <u>United States v. Alcantara</u>, 396 F.3d 189 (2d Cir. 2005), the Second Circuit set forth the procedures to be followed before a court may close a court proceeding. The court explained as follows:

> [A] motion for courtroom closure should be docketed in the public docket files maintained in the court clerk's office. The motion itself may be filed under seal, when appropriate, by leave of court, but the publicly maintained docket entries should reflect the fact that the motion was filed, the fact that the motion and any supporting or opposing papers were filed under seal, the time and place of any hearing on the motion, the occurrence of such hearing, the disposition of the motion, and the fact of courtroom closure, whether ordered upon motion of a party or by the Court <u>sua sponte</u>. Entries on the docket should be made promptly, normally on the day the pertinent event occurs.

<u>Id.</u> at 200 (citations omitted); <u>see also</u> <u>United States v. Doe</u>, 629 F. App'x 69, 73 (2d Cir. 2015) (discussing <u>Alcantara</u> while affirming Judge Chen's decision to close a courtroom). This letter constitutes the motion contemplated in <u>Alcantara</u>.

The Second Circuit in <u>Alcantara</u> also reiterated that "[b]efore excluding the public from [plea and sentencing] proceedings, district courts must make findings on the record demonstrating the need for the exclusion." <u>Id.</u> at 192. It observed that "[t]he power to close a courtroom where proceedings are being conducted during the course of a criminal prosecution . . . is one to be very seldom exercised, and even then only with the greatest caution, under urgent circumstances, and for very clear and apparent reasons." <u>Id.</u> (quoting <u>United States v. Cojab</u>, 996 F.2d 1404, 1405 (2d Cir. 1993)).

The Second Circuit has identified "four steps that a district court must follow in deciding a motion for closure." <u>United States v. Doe</u>, 63 F.3d 121, 128 (2d Cir. 1995). First, the court must identify, through specific findings, whether there exists "a substantial probability of prejudice to a compelling interest of the defendant, government, or third party." <u>Id.</u> The Circuit has provided illustrative examples of such compelling interests, including the defendant's right to a fair trial, the privacy interests of the defendant, victims or other persons, "the integrity of significant government activities entitled to confidentiality, such as ongoing undercover investigations or detection devices," and danger to persons or property, <u>id.</u>, as well as protection of the secrecy of grand jury matters and an ongoing criminal investigation. <u>United States v. Haller</u>, 837 F.2d 84, 87 (2d Cir. 1988) (upholding sealing portion of plea agreement to protect investigation). Second, where a substantial probability of prejudice is found, the court must consider whether reasonable alternatives to closure can protect the compelling interest. <u>Doe</u>, 63 F.3d at 128. Third, the district court must determine whether the prejudice to the compelling

2

interest overrides the qualified First Amendment right of access.  Id.  Finally, if the court determines that closure is warranted, the court must devise a closure order that is narrowly tailored to protect the compelling interest.  Id.  Notably, the Second Circuit does not require that closure be "the least restrictive means available to protect the endangered interest."  Id. (citing In re Herald Co., 734 F.2d 93, 100 (2d Cir. 1984)).

      Here, as is evident from the information set forth in the preceding section and the government's briefing on this motion, a public proceeding would result in the substantial probability of prejudice to compelling interests, including the government's interest in ensuring compliance with the protective order, as well as in protecting ▮▮▮ and avoiding possible efforts to obstruct the government's prosecution.  As explained above, given the nature of Huawei's motion and the subsequent sealed order from this Court, the government anticipates that the contents of specific SDM materials necessarily will be discussed during the upcoming status conference.  Public discussion of these materials would violate the protective order and undermine the government's designations seeking to protect the highly sensitive documents pursuant to that protective order.  Moreover, the government has a compelling interest in protecting certain of the materials at issue from public disclosure in order to protect ▮▮▮ and avoid possible efforts to obstruct the government's prosecution.  Specifically, as further detailed in the government's response to Huawei's motion to compel (Dkt. Nos. 301 and 302), actors in the People's Republic of China ("PRC") have demonstrated an acute interest in this case and a willingness to take actions that appear designed to defend Huawei from the allegations by discrediting or otherwise maligning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

      In addition, no reasonable alternatives to closure, including bifurcating the status conference, exist for protecting the interests at stake.  Given the nature of Huawei's motion and Huawei's document-specific arguments, the government does not believe it is feasible at the status conference to address Huawei's motion fully without reference to the contents of specific documents, and believes that such discussion necessarily will permeate the entire status conference.  Any public discussion of these documents would violate the court-ordered protective order and would substantially increase the likelihood of efforts to harm ▮▮▮ and to obstruct the government's case, as further detailed in the government's response to Huawei's motion.

      Finally, the government submits that the prejudice to the government's compelling interests in the integrity of its prosecution outweighs the qualified First Amendment right of the public and the media to access the proceedings.  Specifically, the government has a compelling interest in ensuring compliance with the court-ordered protective order and protecting from public disclosure materials designated under that protective order, as well as in protecting ▮▮▮ and avoiding possible efforts to obstruct the government's prosecution.  The government respectfully submits that the Court also has a compelling interest in ensuring compliance with the court-ordered protective order.  By requiring the government to move to unseal the transcript once the likely prejudice to these compelling interests no longer outweighs the qualified right to access, the Court can narrowly tailor the closure.

      Accordingly, the government respectfully requests that, after holding a public hearing, the Court enter the proposed order, which contains findings reflecting: (a) the

substantial probability that a public proceeding would prejudice the compelling interests identified above; (b) the lack of reasonable alternatives to courtroom closure; and (c) that the prejudice to the compelling interests overrides the qualified right of the public and the media to access the proceedings.

III.     Conclusion

The government respectfully requests that, in order to comply with Alcantara's notice requirement, this Court immediately note on the public calendar that it will hear a motion to close the courtroom in this matter on September 9, 2021 at 3:45 pm. The government further requests that, during that hearing, the Court make the findings of fact detailed in the enclosed proposed order regarding courtroom closure and sealing, and that, after the hearing the Court enter that proposed order.

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney

By:   /s/
Alexander A. Solomon
Julia Nestor
David K. Kessler
Sarah M. Evans
Meredith A. Arfa
Assistant U.S. Attorneys
(718) 254-7000

Enclosure

cc: Clerk of the Court (CLP)