# Exhibit 1

**SIDLEY**  **JENNER&BLOCK** LLP  **Steptoe**

February 13, 2026

Via ECF

REDACTED VERSION
FILED PUBLICLY

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Huawei Technologies Co. Ltd.*, No. 1:18-cr-00457 (S-3) (AMD) (JAM); Supplemental Brief in Further Support of Defendants' Motion to Suppress

Dear Judge Donnelly:

Following the close of briefing on Huawei's motion to suppress, the government produced three documents ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌.[1] Those documents contradict the government's version of events set forth in its motion response and provide additional evidence in support of Huawei's motion.

*First*, Huawei moved to suppress ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. In an effort to justify the search of that ▌▌▌ the government produced with its motion response ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Dkt. No. 561 at 3 (motion response); 561-1 at 2 (▌▌▌▌▌▌▌▌▌▌▌▌). The government did not proffer any additional information related to ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Huawei argued in reply that ▌▌▌ did not have authority to consent to a search of Huawei's property, but that even if ▌ did, the government would have been constrained by the scope of any such consent. Dkt. No. 576 at 2, 5–6.

On February 3, 2026, after the suppression motion briefing had concluded, the government produced ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Ex. A at 3 (emphasis added). ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Ex. B at 3 (emphases added).

---

[1] Huawei submitted its supplemental response brief on January 23, 2026. *See* Dkt. No. 616. The government first disclosed the documents described herein on February 3 and 4, 2026.

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (JAM)
February 13, 2026
Page 2

  These disclosures indicate that the government's motion response created a materially inaccurate impression of the facts related to ▮▮▮ did not, as the government's response implied, ▮▮▮ Even assuming for the purposes of this letter that the ▮▮▮ (no doubt drafted with this motion in mind) is accurate, ▮▮▮ As explained in Huawei's reply brief, the scope of consent is defined by what a "reasonable person would have understood." See Dkt. No. 576 at 8. A reasonable person would not have understood ▮▮▮ The newly disclosed information thus establishes that the government's search of the ▮▮▮ and that any fruits of that search should be suppressed.

  *Second*, Huawei also moved to suppress ▮▮▮ seized from ▮▮▮, along with ▮▮▮ Huawei argued in its brief that the government should not be permitted to justify the search based on any judicial authorization issued in or around 2013, because the circumstances indicated that the devices seized from ▮▮▮ were likely not actually searched until approximately 2018. *See* Dkt. No. 576 at 10.

  On February 4, 2026, the government produced ▮▮▮

  The government's failure to conduct relevant searches on ▮▮▮ until April 2018 supports Huawei's argument that the government likewise did not search the ▮▮▮ until 2018. Such a search would inevitably fall outside the scope of any judicial authorization issued in or around 2013. Accordingly, the ▮▮▮ and any fruits thereof, should be suppressed.

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (JAM)
February 13, 2026
Page 3

                                                           Respectfully submitted,

                                                           /s/ Douglas A. Axel

| | | |
|---|---|---|
| David Bitkower | Douglas A. Axel | Brian M. Heberlig |
| Matthew S. Hellman | Michael A. Levy | Ryan P. Poscablo |
| Katya Jestin | Ellyce R. Cooper | Julia Gatto |
| JENNER & BLOCK LLP | Frank R. Volpe | William L. Drake |
| 1099 New York Avenue, NW | Melissa Colón-Bosolet | Jessica I. Rothschild |
| Washington, D.C. 20001 | Daniel J. Hay | STEPTOE LLP |
| (202) 639-6048 | SIDLEY AUSTIN LLP | 1114 Avenue of the Americas |
| dbitkower@jenner.com | 787 7th Avenue | New York, NY 10036 |
| | New York, NY 10019 | (212) 506-3900 |
| | (212) 839-5300 | rposcablo@steptoe.com |
| | daxel@sidley.com | |

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc.,
Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*